IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:10-CV-173-FL

| | |
|---|---|
| LISSA M. ROHLIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| I-FLOW CORPORATION, | ) |
| | ) |
| Defendant. | ) |

This case comes before the court on a motion (D.E. 73) by plaintiff Lissa Rohlik ("plaintiff") to compel production of documents from nonparty Kenneth Lehn ("Lehn"), an expert retained by defendant I-Flow Corporation ("defendant"), sought by a subpoena issued by plaintiff's counsel (D.E. 73-1 at 2-4 (subpoena form) & 7-14 (listing of documents sought)).[1] The subpoena also directed Lehn to appear at a deposition to be held in Pittsburgh, Pennsylvania. (Subpoena 2). The motion was brought under Fed. R. Civ. P. 45(c)(2)(B)(i). (Mot. 1; Pl.'s Mem. (D.E. 74) 3). Plaintiff filed the motion after defendant and Lehn asserted objections to the production sought (D.E. 73-2, 73-3). The motion was referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Min. E. after D.E. 78).

The subpoena was issued out of the United States District Court for the Western District of Pennsylvania. (Subpoena 2). Rule 45(c)(2)(B)(i) provides that if objections to a subpoena for production are made, "[a]t any time, on notice to the commanded person, the serving party may move the *issuing court* for an order compelling production or inspection." Fed. R. Civ. P.

---

[1] Citation is to the page numbers assigned by the CM/ECF electronic filing system.

45(c)(2)(B)(i) (emphasis added).[2] Accordingly, the Western District of Pennsylvania, not this court, is the court with jurisdiction to resolve plaintiff's motion on the merits. *See, e.g., Buyer's Direct Inc. v. Belk, Inc.*, No. 5:10–CV–65–H, 2011 WL 6749828, at *2 & n.2 (E.D.N.C. 23 Dec. 2011) (collecting cases); *Curry v. Delta Intern. Machinery Corp.*, No. 07–0828, 2008 WL 2620103, at *1 (W.D. Pa. 2 Jul. 2008) ("This court did not issue the subpoena and this court has no power to grant defendants the relief sought in their motion to compel."). Plaintiff's motion is accordingly DENIED without prejudice to its re-assertion in the proper forum.

SO ORDERED, this the 18th day of October 2012.

James E. Gates
United States Magistrate Judge

---

[2] Plaintiff quoted this language in her memorandum, but apparently did not appreciate its significance. (Pl.'s Mem. 3). Neither she nor defendant addressed in their memoranda the issue of this court's jurisdiction over plaintiff's motion.